*1158 OPINION.
Trammell:
The respondent has determined the deficiencies for 1921 upon the ground that Brackett and Ray each received $16,666.61 in cash from the new company upon the sale to it of an interest in the assets of the United Automobile Insurance Agency, which interest cost each in 1920 only $2,666.67. The petitioners contend that Brackett and Ray did not sell their interests in the property to the new company for cash, but exchanged them for shares of capital stock in the new company, and that the transaction was an exchange within the meaning of section 202 (c) (3) of the Revenue Act of 1921, the material part of which is as follows: .
For the purposes of this title, on an exchange of property, real, personal or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value; but even if the property received in exchange has a readily realizable market value, no gain or loss shall be recognized—
* * * * * * *
When (A) a person transfers any property, real, personal or mixed, to a corporation, and immediately after the transfer is in control of such corporation, or (B) two or more persons transfer any such property to a corporation, *1159 and immediately after the transfer are in control of such corporation, and the amounts of stock, securities, or both, received by such persons are in substantially the same proportion as their interests in the property before such transfer. For the purposes of this paragraph, a person is, or two or more persons are, “ in control ” of a corporation when owning at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of. all other classes of stock of the corporation.
While it is not clear from the record what was the cost, if any, to Brackett, Ray, and Latta of the assets of the United Automobile Insurance Association which, in addition to those of the United Automobile Insurance Agency, were transferred to the new company for $50,000, counsel for the petitioners admitted at the hearing that if the gain from the transaction is taxable, the amount of such gain, so far as Brackett and Ray, the petitioners in this proceeding, were concerned, is $14,000 each, the amount determined by the respondent. This leaves for consideration only the question of whether the transaction was a sale or an exchange.
The resolution of January 19, 1921, of the board of directors of the new company, composed entirely of Brackett, Ray, and Latta, and in pursuance of which the assets were transferred and the check of $50,000 was issued, indicates so far as the corporation was concerned that the transaction was a sale. Nor is there anything to indicate otherwise in the resolution of September 23, 1922, which was adopted at a meeting of the board of directors at which Brackett, Ray, and Latta were also present and at which the resolution of January 19, 1921, was reconsidered and amended in some respects. There is nothing in either of the resolutions to indicate that the transaction was to be one by which the corporation should issue its capital stock for the assets to be transferred by the parties. Nor is there any testimony from which we can find that the transaction was anything other than what it purported to be. The actual fact is that the assets were transferred to the corporation in consideration for the check drawn by the corporation to the individuals. If this was not done, the transaction amounted to merely a subterfuge, and a deception against the State of Indiana, and the laws of Indiana were not complied with. The parties here obtained the benefits of the transaction, actually carried out to meet the requirements of the state law, and then for another purpose, contend that the transaction was something else.
It is contended that the substance of the whole transaction was that assets were issued for stock, and that substance should control over the form. The Supreme Court has frequently said that it would look to substance and not form. Eisner v. Macomber, 252 U. S. 189. But we do not believe in a case such as this that what a person actually does should be ignored, and that one be held to do one thing when another thing was done. What is actually done *1160 fixes the tax liability and not what might have been done, even though the same result in the end might have been reached in another way or by another process.
Here the parties had their choice between exchanging the assets with the corporation for its capital stock or of selling the assets to the corporation and buying its capital stock. It was the latter that they did. In our opinion the moment the parties received the check in payment for the assets they realized income and what they did with it thereafter, regardless of how soon, can not change its character at that time. Regal Shoe Co., 1 B. T. A. 896; E. C. Huffman, 1 B. T. A. 52. Since the transaction was a sale and not an exchange, the provisions of the Act relating to exchanges relied upon by the petitioners is not applicable. The action of the respondent is accordingly approved.
The petition in the case of the estate of Charles H. Brackett alleges that the respondent erred in determining the deficiency for 1924 and that pursuant to a bill from the collector of internal revenue at Indianapolis the amount of the deficiency was paid prior to the mailing of the notice of the deficiency. The respondent in his answer denies that the amount of the deficiency was ever billed to the petitioner and also denies that the amount of the deficiency or any other amount was paid to the collector at Indianapolis, or any other place. Inasmuch as no evidence was introduced or offered with respect to this issue, and as it is not referred to in the brief for the petitioners, the respondent’s determination is approved.
Reviewed by - the Board.

Judgment will be entered for the respondent.

Smith dissents.